UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY ALVAREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GEORGE M. GALAZA, Warden,<br><br>　　　　　Respondent. | 1:03-CV-05556 AWI LJO HC<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATION<br>[Doc. #21]<br><br>ORDER DENYING PETITION FOR WRIT<br>OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On February 27, 2006, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

　　　On October 26, 2006, Petitioner filed objections to the Findings and Recommendation.

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections. The court agrees with the Magistrate Judge that the prosecutor's use of two peremptory challenges on African-American jurors, when one had lied to the court about a prior conviction and there were race neutral reasons to dismiss the other juror, was insufficient to make a prima facie case showing that the prosecutor exercised a peremptory challenge on the basis of race. See <u>Purkett v. Elem</u>, 514 U.S. 765, 767 (1995); <u>Batson v. Kentucky</u>, 476 U.S. 79, 89 (1986). Further, the court agrees that Petitioner's contentions regarding jury instruction error at best show only an error under state law. A challenge to a jury instruction made solely under state law does not state a claim cognizable in a federal habeas corpus action. <u>See</u>, <u>Estelle v. McGuire</u>, 502 U.S. 62, 71-72 (1991). Further, the California courts determined the jury instructions were correct under California law. This court must accept the state court's interpretation of its own law. <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued February 27, 2006, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:     November 19, 2006             /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE