# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ANTHONY ALVAREZ, | ) | 1:03-cv-5556-AWI-LJO-HC |
| Petitioner, | ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) | |
| GEORGE M. GALAZA, WARDEN, | ) | |
| Respondent. | ) | |

      Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 20, 2007, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition. On November 20, 2007, the Clerk of the Court entered judgment. On January 3, 2007, Petitioner filed a request for an extension of time in which to file an application for a certificate of appealability and a notice of appeal. Citing Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the court found that while a notice of appeal must ordinarily be filed with the district court within 30 days after the judgment or order appealed from is entered, the district court may extend the time to file a notice of appeal "if the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Because Petitioner's January 3, 2007 motion was filed within thirty days of the last date in which Petitioner could have filed a notice of appeal, the court, granted Petitioner's request for an extension. However, the court noted that when granting an extension Rule 4(a) requires that the extension not exceed "30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Based on Rule 4, the court stated that any notice of appeal would be due 10 days from the date of service of the order, which was February

2, 2007. Ten court days after February 2, 2007, plus an additional three days for mailing would have been February 22, 2007.

On February 28, 2007, Petitioner filed his notice of appeal and request for a certificate of appealability. The appeal was signed on February 26, 2007, and the court presumes it was given to prison authorities for mailing the same day.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Before petitioner can appeal the denial of a petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>  (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir.1984). Here, the time limit for filing a notice of appeal was ten court days, plus three days because of service by mail, after the court's order granting Plaintiff his extension of time. <u>See</u> Fed. R.App. P. 4(a). Petitioner's notice of appeal and request for a certificate of appealability in this action is deemed filed as of February 26, 2007, when Petitioner gave it to prison officials for mail. However, February 26, 2007, is more than ten court days, including an additional three days for service by mail, after the order granting more time.

The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir.1978). The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability. <u>Parsons v. Carey</u>, 2006 WL 3087067 (E.D.Cal. 2006); <u>Rios v. Warden of CSP-SAC</u>, 2006 WL 1068817 (E.D.Cal. 2006). Because Petitioner did not timely file his notice of appeal and request for a certificate of appealability, the court cannot grant a certificate of appealability.

Accordingly, the court declines to issue a certificate of appealability .

IT IS SO ORDERED.

**Dated:   March 5, 2007**          /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE